UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:22-cv-00442

**Theodore Jorrel Smith,**
*Plaintiff,*

v.

**Dwann G. Dunbar et al.,**
*Defendants.*

## ORDER

Plaintiff Theodore Jorrel Smith, proceeding pro se and *in forma pauperis*, filed this civil-rights lawsuit pursuant to 42 U.S.C. § 1983. Plaintiff is a prisoner confined in the Texas prison system and sues two guards and one nurse. The following facts are taken from his complaint. Doc. 1.

Plaintiff alleges that horseplaying with his cellmate turned into a serious fight. Plaintiff broke his hand and finger, suffered an eye injury, and experienced knee pain. Officer Matthews did not stop the fight and did not call for backup until the fight was over. After the fight, Officer Matthews called Sergeant Dunbar, who handcuffed plaintiff and escorted him to the medical department. Once there, Nurse Mollie Emerson gave plaintiff ibuprofen, aspirin, and bandages and told him that he would need an x-ray as his hand was broken. Ultimately, plaintiff waited 22 days in severe pain until he finally received surgery to repair his hand.

A magistrate judge issued a report (Doc. 13), recommending that a motion to dismiss filed by defendants (Doc. 11) be granted in part and denied in part. The report concluded that plaintiff's claims against defendants in their official capacities for money damages should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1). The report also recommended that the motion to dismiss should be granted as to defendants Dunbar and Emerson because plaintiff failed to state a claim against them. Finally, the report recommended that defendant Matthews's motion to

dismiss plaintiff's failure-to-protect claim against her should be denied because fact issues remained regarding Matthews's entitlement to qualified immunity. Plaintiff filed objections. Doc. 16. No objections were filed by defendants.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The magistrate judge recommended dismissing plaintiff's claims for money damages against defendants in their official capacities. The authority cited by the magistrate judge establishes that sovereign immunity bars plaintiff's damages claim against defendants in their official capacities. *See, e.g.*, *McKinley v. Abbott*, 643 F.3d 403, 406 (5th Cir. 2011) ("Eleventh Amendment immunity extends to state officials sued in their official capacities because such a suit is actually one against the state itself."). To the extent plaintiff sues defendants in their official capacities, those claims are dismissed without prejudice.

The report also recommended granting defendants Dunbar and Emerson's motion to dismiss pursuant to Rule 12(b)(6) as plaintiff failed to state a claim for medical deliberate indifference upon which relief may be granted. *Domino v. Texas Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001) (holding that plaintiff must show that defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs"). Plaintiff's objections raised a new argument as to why he believes defendant Dunbar should be liable for medical deliberate indifference, but plaintiff may not raise new arguments or evidence in an objection to the report. *Omran v. Prator*, 674 F. App'x 353, 355 (5th Cir. 2016). For the reasons stated in the magistrate judge's report, plaintiff failed to state a deliberate-indifference claim against defendants Dunbar and Emerson. His claims against them are dismissed with prejudice.

The report further concluded that a genuine issue of material fact remained regarding whether defendant Matthews deliberately ignored the inmate-on-inmate assault involving plaintiff. The report

determined that a genuine issue of material fact remained regarding whether defendant Matthews was entitled to qualified immunity at this stage of the litigation based on the adequacy of plaintiff's pleadings. Because no objections were filed to this recommendation, the court reviews it for clear error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996) (en banc). Having reviewed the report and finding no clear error in this recommendation, the court accepts the finding and recommendation of the magistrate judge and denies defendant Matthews's motion to dismiss on this ground.

For the reasons stated in the report (Doc. 13), defendants' motion to dismiss (Doc. 11) is granted in part and denied in part. Plaintiff's claims against defendants in their official capacities for money damages are dismissed without prejudice. Plaintiff's claims against defendants Dunbar and Emerson are dismissed with prejudice. Plaintiff's claims against defendant Matthews are not dismissed and will remain on the docket. Finally, because Jane Doe has now been identified as Mollie Emerson, the clerk is directed to terminate Jane Doe as a defendant.

*So ordered by the court on March 21, 2024.*

J. CAMPBELL BARKER
United States District Judge