UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:22-cv-00442

**Theodore Jorrel Smith,**
*Plaintiff,*

v.

**Dawnn G. Dunbar et al.,**
*Defendants.*

# ORDER

Plaintiff Theodore Smith, a prisoner confined within the Texas Department of Criminal Justice proceeding pro se, filed this civil-rights proceeding pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell. Doc. 3.

The remaining defendant in this case is defendant Matthews; the court previously dismissed plaintiff's claims against defendants Dunbar and Emerson with prejudice. Doc. 22. Subsequently, on November 25, 2024, the magistrate judge issued a report (Doc. 36) recommending that defendant Matthews's motion for summary judgment based on the exhaustion of administrative remedies (Doc. 27) be granted and that plaintiff's motion for summary judgment (Doc. 34) be denied. The magistrate judge recommended that plaintiff's claims against defendant Matthews be dismissed without prejudice for plaintiff's failure to exhaust his required administrative remedies before filing this federal lawsuit. Plaintiff filed objections. Doc. 38.

When timely objections to a magistrate judge's report and recommendation are filed, the court reviews them de novo. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996). Conclusory or general objections need not be considered by the district court. *See Gonzalez v. Collier*, No. 2:22-cv-00195, 2023 WL 5473699, at *1 & n.2 (S.D. Tex. Aug. 24, 2023) (citing *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An

'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.")).

Plaintiff maintains that the magistrate judge "misapplied federal law in relation" to his claims because characterizing his more definite statement as an amended complaint "has no substantial basis in law" especially "when district courts are instructed to read the pleadings of a pro se plaintiff liberally." Doc. 38 at 2.

Plaintiff does not address the substance of the magistrate judge's report, which concerns plaintiff's failure to exhaust his administrative remedies. As a result, plaintiff failed to identify any error in the magistrate judge's recommendation. Moreover, plaintiff's more definite statement (Doc. 8) can act as an amended complaint. *See Franklin v. Blair*, 806 F. App'x 261, 263 (5th Cir. 2020) (unpublished) ("By requesting a more definite statement through a questionnaire, the district court gave Franklin an opportunity to amend his complaint.") (citing *Eason v. Thaler*, 14 F.3d 8, 9–10 (5th Cir. 1994)). This objection is without merit.

Having reviewed the magistrate judge's report de novo, the court accepts its findings and recommendation. Plaintiff's objections (Doc. 38) are overruled. Defendant Matthews's motion for summary judgment (Doc. 27) is granted and plaintiff's motion for summary judgment (Doc. 34) is denied. Plaintiff's claims against defendant Matthews are dismissed without prejudice for failure to exhaust administrative remedies. The court has now adjudicated all of plaintiff's claims, and this lawsuit is dismissed. Any pending motions are denied.

*So ordered by the court on January 21, 2025.*

J. CAMPBELL BARKER
United States District Judge